IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01640-BNB

BRANDON CHE LEE,

    Applicant, named as Petitioner,

v.

ERIC HOLDER,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Brandon Che Lee, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado.  He initiated the instant action by filing *pro se* a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).

    On June 21, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Lee within thirty days either to pay the $5.00 filing fee or to file on the Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  The June 21 order also directed him to file on the Court-approved form an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The June 21 order warned Mr. Lee that if he failed to cure the designated deficiencies, the action would be dismissed without further notice.

    On June 28, 2013, Mr. Lee filed an amended habeas corpus application.  On July 16, 2013, he submitted a letter claiming he already had paid the $5.00 filing fee.  On

July 17, 2013, he submitted a copy of his request for the withdrawal of $5.00 to pay the filing fee in this action. According to the Court's docketing records, no filing fee has been received in this action.

The Court must construe Mr. Lee's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied and the action dismissed.

The amended application (ECF No. 4) Mr. Lee submitted to the Court on June 28 is not on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The June 21 order specifically directed Mr. Lee to obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to use in filing the amended application. He has failed to do so.

The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's

complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

In addition, Mr. Lee has failed within the time allowed to pay the $5.00 filing fee, submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the proper, Court-approved form, or request an extension of time in which to do so.

Therefore, the amended application will be denied for failure to comply with the directives of the June 28 order, and the action will be dismissed without prejudice. If Mr. Lee wishes to pursue his claims, he may do so by initiating a new action with a habeas

corpus application and § 1915 motion and affidavit submitted on the proper, Court-approved forms. The forms for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action are available, with the assistance of Mr. Lee's case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lee files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 4) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Brandon Che Lee, to comply with the directives of the order to cure dated June 28, 2013. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  30th  day of   July  , 2013.

                                    BY THE COURT:

                                     s/ Lewis T. Babcock
                                    LEWIS T. BABCOCK, Senior Judge
                                    United States District Court